UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GORDON KIRK KEMPPAINEN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-420 |
| | § | |
| ARANSAS COUNTY DETENTION CENTER, *et al*, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION
## ON DEFENDANTS' MOTION TO DISMISS

Plaintiff is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and at the time he filed this lawsuit, he was incarcerated at the Dalhart Unit in Dalhart, Texas, although his complaint concerns events that occurred while he was housed at the Aransas County Detention Center. (*See* D.E. 1, p. 8). Pending is Defendants' motion to dismiss Plaintiff's complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (D.E. 5). For the reasons stated herein, it is respectfully recommended that Defendants' motion to dismiss be granted, and that Plaintiff's claims against Defendants be dismissed with prejudice.

**I.      JURISDICTION.**

The Court has federal question jurisdiction. 28 U.S.C. § 1331.

## II.     PROCEDURAL BACKGROUND.

On November 4, 2013, Plaintiff filed his original petition in the 36th Judicial District Court of Aransas County, Texas, Cause No. A-13-0244-CV-B, styled *Gordon Kirk Kemppainen v. Aransas County Detention Center, et al.,* alleging that, although he entered the Aransas County Detention Center (ACDC) legally blind, the ACDC refused to provide him with an eye examination or new prescription glasses in deliberate indifference to his serious medical needs and in violation of the Americans with Disabilities Act (ADA), and the Universal Declaration of Human Rights Act.  (D.E. 1, p. 8).  Plaintiff named as Defendants: (1) Aransas County Detention Center; (2) Aransas County, Texas; (3) Aransas County Judge Burt Mills; and (4) Aransas County Sheriff William "Bill" Mills.  (D.E. 1, p. 11).  For relief, Plaintiff seeks compensatory and punitive damages exceeding $300 trillion dollars.  (D.E. 1, p. 8).

On October 10, 2014, Defendants removed the action to this Court on the grounds of federal question jurisdiction.  (D.E. 1, pp. 1-3).

On October 16, 2014, Defendants filed the instant Rule 12(b)(6) motion to dismiss.  (D.E. 5).

On November 26, 2014, Plaintiff filed a motion for appointment of counsel (D.E. 11), and on December 17, 2014, he filed a motion for summary judgment. (D.E. 15). Those motions were struck as premature and Plaintiff was advised that Defendants' Rule 12(b)(6) motion would be addressed prior to consideration of his substantive motions. (D.E. 16).

To date, Plaintiff has not filed a response in opposition to Defendants' motion to dismiss,[1] but to the extent his summary judgment motion offers arguments in opposition, it will be considered.

### III.   PLAINTIFF'S PRIOR LAWSUIT.

In the instant lawsuit, Plaintiff relates that he has previously raised the exact same claims in an earlier federal lawsuit before this Court, *Kemppainen v. Aransas County Detention Center, et al.,* Case No. 2:08-cv-194 (S.D. Tex. Nov. 23, 2010) (*Kemppainen I*). (*See* D.E. 1, p. 8). In *Kemppainen I,* Plaintiff alleged that the ACDC, Aransas County, Judge Mills and Sheriff Mills were deliberately indifferently to his serious medical needs from March 23, 2006 until his transfer to the TDCJ-CID on December 15, 2008, because they followed the County's policy of denying medical services for prescription eye glasses and eye exams. (*See* Case No. 2:08-cv-194, D.E. 1). In particular, he alleged that on April 23, 2006, his eyeglasses were broken, leaving him unable to perform basic activities, such as trim his nails, watch television or play board games. He repeatedly requested replacement glasses or an appointment with an optometrist to get a new prescription, but Defendants told him that such services were not allocated in the ACDC's budget.

On November 23, 2010, Magistrate Judge Owsley granted summary judgment in Defendants' favor on Plaintiff's § 1983 claims of deliberate indifference and ADA claims. (*See* Case No. 2:08-cv-194, D. E. 121, 122). On February 13, 2010, the Fifth Circuit affirmed the dismissal of those claims in USCA No. 10-41344, and on May 14,

---

[1] Pursuant to Local Rule 7.2, failure to respond is taken as a representation of no opposition.

2012, the Supreme Court denied Plaintiff's Petition for a Writ of Certiorari in USSC No. 11-9257.  (*See* Case No. 2:08-cv-194, D. E. 145, 149).  Plaintiff admits that he has previously raised the claims now raised in this lawsuit, but characterizes his past litigation as "exhausting" his "federal remedies."  (D.E. 1, p. 8).

IV.   **DISCUSSION**

Plaintiff is suing Defendants for monetary damages.  (D.E. 1, p. 8).

A.   **Rule 12(b)(6) standard.**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint for failure to state a claim upon which relief may be granted; however, the district court must construe the complaint in a light most favorable to the plaintiff, and the allegations contained therein must be taken as true.  *Erickson v. Pardus,* 551 U.S. 89, 93-94 (2007).  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face*."*  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In the context of a defendant's motion to dismiss, the district court's review is limited to the allegations in the complaint and to those documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the claims.  *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

B.   **ACDC is not a proper defendant.**

Plaintiff has name the ACDC as a defendant.  (D.E. 1, p. 11).  However, the Detention Center, as a department of Aransas County, does not enjoy a separate legal

existence from the County itself, and as such, is not a proper party. *Darby v. Pasadena Police Dep=t*, 939 F.2d 311, 313 (5th Cir. 1991).  Thus, it is respectfully recommended that Plaintiff's claims against the ACDC be dismissed as Aransas County is the proper defendant as to Plaintiff's claims concerning the ACDC.

      **C.**      **Claims against Aransas County are barred by res judicata.**

As discussed above, Plaintiff's claims against Aransas County have previously been raised in a federal lawsuit and adjudicated.  Although he labelled the instant action a "Tort Claim," he makes the same allegations against Aransas County herein as he did in *Kemppainen I,* writing:

> …Alleging that the ACDC did refuse to get Plaintiff an eye exam and replace his prescription eye glasses while in their custody, with deliberate indifference, violating the provisions of the Americans with Disabilities Act of 1990 (ADA) and U.S. Const. Art. VIII, Amend. 8, as well as multiple violations of the "services, programs, and activities" language of the ADA including but not limited to prisoners' access to courts; multiple violations of the Universal Declaration of human rights Act [],; Plaintiff's right to contemporary standards of decency; and Plaintiff's basic human needs.

(D.E. 1, p. 8).  Plaintiff's current allegations against Aransas County are no different than the claims he raised in *Kemppainen I* which have been fully adjudicated.  That is, there are no new claims to adjudicate.

Moreover, even if Plaintiff was now attempting to raise new claims concerning the events that occurred between January 2006 and December 2008, those claims would be barred by the two-year statute of limitations.  Federal civil rights actions instituted in Texas, such as those brought pursuant to 42 U.S.C. § 1983, are deemed analogous to personal injury claims, and, therefore, the applicable limitations period is the two years

fixed by Tex. Civ. Prac. & Rem. Code § 16.003(a).  Accrual of a § 1983 claim is governed by federal law.  A cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.  *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir.1998).  The district court may raise the raise the defense of limitations *sua sponte*, and dismissal is appropriate if it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations.  *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

Here, Plaintiff was aware of his claims against Aransas County when he filed his first lawsuit.  He offers no new allegations, let alone evidence, to suggest that the conduct of Aransas County violated his constitutional rights or provisions of the ADA at any time after he left the facility in December 2008.  Any attempt to raise new claims against the County are barred.

      **D.**    **Texas Tort Claims Act.**

To the extent Plaintiff is attempting to raise claims under the Texas Tort Claims Act, (TTCA), Defendants are entitled to sovereign immunity from both suit and liability.  The Election of Remedies provision of § 101.106 of the TTCA provides that:

> If a suit is filed against an employee of a governmental unit based on the conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only.  On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit on or before the 30th day after the motion is filed.

Tex. Civ. Prac. & Rem. Code § 101.106(f).

The phase "under this chapter" in § 101.106(f) includes "any suit in which the plaintiff alleges a common law tort claim, regardless of whether the TTCA waives immunity for the claim." *Franka v. Velasquez,* 332 S.W.2d 3d 367, 379 (Tex. 2011). Indeed, the Texas Supreme Court has explicitly held that a suit "is brought under the [TTCA] when it is filed, not when waiver of immunity by the Act is established." *Franka,* 332 S.W.2d at 379. In *Franka,* the Texas Supreme Court explained that the TTCA's § 101.106(f) was intended "to foreclose suit against a government employee in his individual capacity if he was acting within the scope of employment." *Franka,* 332 S.W.2d at 381. The Texas Supreme Court reasoned that, in waiving governmental immunity for the governmental unit, "the legislature correspondingly sought to discourage or prevent recovery against an employee." *Id.* at 384. Under the *Franka* rule, all tort claims, including intentional torts, "could have been brought" against the governmental unit, regardless of whether the governmental unit's immunity from suit is expressly waived by the TTCA for those claims. *Id.* at 385. *See also Fontenot v. Stinson,* 369 S.W.3d 268, 271, 272 (Tex. App. 2011) (finding that *Franka* mandates the dismissal of a suit against a government employee acting within the scope of his or her employment and sued in his or her individual capacity under § 101.106(f) even if the governmental employer's immunity is not waived by the TTCA).

There is no evidence to suggest that Defendants' have waived immunity from suit under the TTCA, and Plaintiff's allegations that he was denied an eye exam and replacement glasses do not fall within the limited waiver of immunity under Tex. Civ. Prac. & Rem. Code § 101.021. Thus, to the extent that Plaintiff is attempting to allege a

state law cause of action against Defendants, his pleading, on its face, demonstrates that the Court is without subject matter jurisdiction over any claim arising under the TTCA.

## V.  RECOMMENDATION.

For the reasons stated above, it is respectfully recommended that the Court grant Defendants' motion to dismiss (D.E. 5) and dismiss with prejudice Plaintiff's claims against Defendants.

Respectfully submitted this 17th day of March, 2015.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).