UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GORDON KIRK KEMPPAINEN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-420 |
| | § | |
| ARANSAS COUNTY DETENTION | § | |
| CENTER, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Defendants' Motion to Dismiss for Plaintiff's Failure to State a Claim (D.E. 5). On March 17, 2015, United States Magistrate Judge B. Janice Ellington issued a Memorandum and Recommendation (M&R, D.E. 19), recommending that Defendants' motion be granted. Plaintiff timely filed his objections (D.E. 20) on March 23, 2015.

First, Plaintiff objects to all law and procedures by which his claims are being adjudicated, including the referral to a Magistrate Judge for preliminary review, rules of civil procedure, pre-trial dismissal and summary judgment procedures, the bars of limitations and res judicata, and all official and sovereign immunities. Plaintiff argues that none of these aspects of the law are provided for in the United States Constitution and that they are, thus, unconstitutional.

The Court notes that Article III of the Constitution provides for the courts to exercise judicial power in cases of law and in equity pursuant to the Constitution ***and*** laws of the United States. Article I invests in Congress the authority to create certain

laws and Article IV requires that state law be given full faith and credit. Plaintiff's wholesale challenge to the rule of law is without citation of authority and has no merit. Plaintiff's first objection is OVERRULED.

Second, Plaintiff objects that he has been deprived of his "inalienable right to a trial by jury." Plaintiff has failed to demonstrate how his action survives the prior judgment against him, which bars this action by virtue of the doctrine of res judicata. Plaintiff does not have an inalienable right to trial by jury when his claims under civil law are dismissed because no question of fact needs to be adjudicated. The right to trial by jury does not prevent a court from granting summary judgment. *Davis v. United States*, 742 F.2d 171, 173 (5th Cir.1984). Neither does it prevent dismissal without a jury trial under Fed. R. Civ. P. 12(b)(6). *Frazier v. Wells Fargo Bank, N.A.*, 541 F. App'x 419, 422 (5th Cir. 2013). Plaintiff's second objection is OVERRULED.

Third, Plaintiff objects that he has been deprived of his "inalienable right to counsel of choice, provided and paid for by the U.S. Gov't." Plaintiff filed a motion to appoint counsel. D.E. 11. It was deficient and he was ordered to cure the deficiency by December 13, 2014. D.E. 14. He did not cure the deficiency by that date and the motion was stricken on December 19, 2014. D.E. 16. Plaintiff does not provide this Court with any argument or authority to challenge the determination of his motion on that basis. Plaintiff's third objection is OVERRULED.

Fourth, Plaintiff objects that he has been deprived of his "inalienable right to wages for representing himself paid to him by the U.S. Gov't." Plaintiff fails to provide

any authority for such an "inalienable right" and there is none.  Plaintiff's fourth objection is OVERRULED.

Fifth, Plaintiff objects to deprivation of privileges equal to those afforded to the President of the United States and his family.  Once again, Plaintiff fails to provide authority for this argument and the Court does not find it to be relevant or material to any issue in this case and it is patently frivolous.  Plaintiff's fifth objection is OVERRULED.

Sixth, Plaintiff claims that Aransas County had an unconstitutional insurance policy that failed to provide corrective lenses of his choice.  This argument appears to address the merits of his complaint without first overcoming the res judicata bar.  As such, it does not properly address the disposition of this case or the findings of fact and conclusions of law in the M&R.  The objection is OVERRULED.

Seventh, Plaintiff complains of a smoke inhalation incident.  This has no bearing on the disposition of this case, does not address the reasoning of the M&R, and is not relevant.  The objection is OVERRULED.

Plaintiff then moves for appointment of counsel.  The Court DENIES the motion as untimely with respect to this Court's disposition of the case.  *See* D.E. 14 (Magistrate Judge's order, requiring Plaintiff to cure deficiencies in his motion for appointment of counsel within ten days of the order, issued December 3, 2014).

Last, Plaintiff moves to amend his complaint.  He fails to articulate the substance of his proposed amendment, other than his apparent desire to add the United States as a Defendant.  The Court DENIES the motion as futile and as reflecting undue delay. *Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave to amend should be freely given absent

undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment).

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Defendants' Motion to Dismiss (D.E. 5) is **GRANTED** and this action is **DISMISSED WITH PREJUDICE**.

ORDERED this 24th day of April, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE